Stephen B. Morris (SBN 126192)
**MORRIS and ASSOCIATES**
444 West C Street, Suite 300
San Diego, California 92101
Telephone: (619) 239-1300
Fax: (619) 234-3672

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY MARILAO, for himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MCDONALD'S CORPORATION, a Delaware corporation doing business in California<br><br>Defendants. | CASE NO. 09-CV-1014-H-AJB<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(1) VIOLATION B&P CODE 17200**<br>**(2) UNJUST ENRICHMENT**<br><br>**CLASS ACTION** |

Plaintiff alleges as follows:

1.  Plaintiff REY MARILAO (hereinafter "PLAINTIFF") is a resident of San Diego County, California.

2.  PLAINTIFF is informed and believes, and based thereon alleges, that Defendant MCDONALD'S CORPORATION (hereinafter "MCDONALD'S" or "DEFENDANT") is headquartered in Illinois and does business throughout the United States.

3.  This Court has jurisdiction over the subject matter of this action

1 | pursuant to 28 U.S.C. § 1332(d) (Diversity of Citizenship).

2 | 4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue
3 | is proper in this Court because the injuries to the persons complained of herein
4 | occurred in the County of San Diego, California.

5 | 5.  Within the four (4) years prior to the time this action was commenced,
6 | and continuing, DEFENDANT has made available to its customers Gift Cards for
7 | purchase. These Gift Cards provide:

8 | "The value on this card may not be redeemed for
9 | cash...unless required by law."

10 | This statement is misleading and deceptive in that it fails to apprise customers
11 | of their right to redeem balances of less than ten ($10.00) dollars on their gift cards.

12 | 6.  Within the past four (4) years, PLAINTIFF received a $5
13 | MCDONALD'S Gift Card as a gift. PLAINTIFF desired to redeem the card for
14 | cash instead of dining at a MCDONALD'S restaurant, but when he attempted to
15 | redeem his Gift Card for cash, he was told he could not receive cash for his Gift
16 | Card. Plaintiff has expended time, energy and money in seeking to redeem his gift
17 | card. PLAINTIFF desires to redeem his card for cash.

18 | 7.  Civil Code section 1749.45 provides that "Gift Cards" are within the
19 | definition of "Gift Certificates." Furthermore, section 1749.5(b)(2) provides:

20 | "Notwithstanding paragraph (1), any gift certificate with a cash value
21 | of less than ten dollars ($10.00) is redeemable in cash for its cash
22 | value."

23 | 8.  This action is brought, and may properly be maintained, as a class
24 | action pursuant to the provisions of Federal Rules of Civil Procedure §23.
25 | PLAINTIFF brings this action on behalf of himself and on behalf of a Class of all
26 | other customers who received MCDONALD'S Gift Cards and who have balances
27 | of less than $10, and are desirous of redeeming said cards for cash.

28 | 9.  The claims of the representative PLAINTIFF are typical of the claims

of the members of the Class and all members of the Class were similarly affected by DEFENDANT's wrongful conduct complained of herein.

10. The representative PLAINTIFF will fairly and adequately protect the interests of the Class and has retained counsel competent and experienced in class action litigation.

11. The identification of the individual Class members may be effectuated by reference to DEFENDANT's records and by adequate in store disclosures.

12. Common questions of law and/or fact exist as to all members of the Class and predominate over any question solely affecting individual members of the Class. Among the questions of law or fact common to the Class are: (1) Whether MCDONALD'S has violated California law by declining to provide cash refunds to customers; (2) Whether MCDONALD'S has been unjustly enriched.

13. The Class of persons for whose benefit this case is brought consists of all consumers who have received one or more MCDONALD'S Gift Cards within the past four (4) years, and who have unused balances of less than $10 on their cards.

14. A class action is superior to other methods for the fair and efficient adjudication of this controversy since the Class is so numerous that joinder of all members in a single action would be impracticable and the repetitive testimony of each Class member at trial would be unnecessary and an inefficient use of judicial resources. Since the practices engaged in are common to all members of the Class, judicial economy would not be served by multiple actions with duplicative and repetitive testimony. Furthermore, as the monetary injury suffered by individual Class members may be relatively small, the expense and burden of individual litigation would make it impossible for members of the Class to individually redress the wrongs done to them.

15. PLAINTIFF is aware of no difficulty which will be encountered in the administration of this action as a class action.

# FIRST CLAIM FOR RELIEF

## (Violation of Bus. And Prof. Code Section 17200)

16. PLAINTIFF incorporates the allegations of the preceding paragraphs as though set forth here in full.

17. In doing the acts complained of herein, DEFENDANT has engaged in unfair, deceptive and/or unlawful conduct in violation of Business and Professions Code § 17200 et seq.

18. Specifically, DEFENDANT has engaged in unlawful conduct by violating Civil Code section 1749.5 (b)(2), which requires that consumers possessing Gift Cards with balances of less than $10 may redeem them for cash.

19. As a direct result of the DEFENDANT's conduct as alleged herein, PLAINTIFF has suffered an injury in fact.

20. As a consequence, PLAINTIFF seeks disgorgement of the profits of the DEFENDANT realized by its unlawful, unfair and/or deceptive practices and an injunction precluding DEFENDANT from continuing the complained-of practices.

21. The language used on the back of the McDONALD'S Gift Cards is deceptive and misleading in violation of Business and Professions Code §§ 17500, *et seq*. The average reasonable person would tend to believe that their Gift Cards are not redeemable for cash.

22. This Court has subject matter jurisdiction over this matter as diversity of citizenship exists. Plaintiff is a citizen of California and MCDONALD'S is not.

23. An actual controversy exists regarding the language on the back of MCDONALD'S Gift Cards. By failing to adequately disclose that their gift cards are not redeemable for cash, the average consumer, not knowing the law, would tend to believe that they cannot redeem their Gift Card for cash. For example, the language could read "The value on this card may be redeemed for cash in California when the value is less than $10.00." MCDONALD'S asserts that the language on the back of its Gift Cards is adequate in apprising customers of their

rights.

24. Plaintiff, therefor, seeks an Order from this Court declaring that the language on the McDONALD'S Gift Cards is deceptive and misleading and does not adequately apprise consumers of their right to redemption.

**SECOND CLAIM FOR RELIEF**

**(Unjust Enrichment)**

25. PLAINTIFF incorporates the allegations of the preceding paragraphs as though set forth here in full.

26. PLAINTIFF is informed and believes, and based thereon alleges, that while McDonald's Gift Card holders are entitled to redeem their balances of less than $10, MCDONALD'S has nevertheless failed to adequately implement polices and procedures sufficient to apprise customers of their rights and to effectuate requests for redemption when made.

27. Having been paid fully for the Gift Cards at the initial point of sale, MCDONALD'S is unjustly enriched by its unfair and unlawful practice of refusing cash redemptions on unused card balances, the result of which is that additional funds on unused cards simply revert to MCDONALD'S.

28. PLAINTIFF, therefor, seeks restitution and an injunction against MCDONALD'S, requiring it to more adequately apprise customers of their right to receive cash redemptions and to implement an effective procedure for ensuring that customers requesting said redemptions are given redemptions.

**WHEREFORE**, PLAINTIFF prays for judgment as follows:

1. For disgorgement of profits;
2. For restitution;
3. For declaratory relief;
4. For attorney's fees and costs;

5.    For an injunction;

6.    For such other relief as the court deems proper.

Dated:    July 6, 2009        MORRIS AND ASSOCIATES

By: *Stephen B. Morris*
Stephen B. Morris, Attorney for Plaintiff

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | | FOR COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (Abbreviated) **Marilao v. McDonald's Corporation** | | |
| ATTORNEY(S) NAME AND ADDRESS<br>Stephen B. Morris<br>**MORRIS and ASSOCIATES**<br>444 West C Street, Suite 300<br>San Diego, CA 92101 | TELEPHONE<br><br>619/239-1300 | |
| ATTORNEY(S) FOR:<br>Plaintiff | HEARING: DATE-TIME-DEPT | CASE NUMBER:<br>09-CV-1014-H-AJB |

PROOF OF SERVICE

I, Jenna Sarinas, declare: I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to the action; and I am employed in the County of San Diego, California, within which county the subject service occurred. My business address is 444 West C Street, Suite 300, San Diego, California 92101. I am readily familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service and with serving documents via facsimile. I served an original and/or a true and correct copy of the following document(s):

1. **FIRST AMENDED COMPLAINT**

__X__ by placing a copy thereof in a separate envelope addressed to each such addressee respectively named as follows and sealed each envelope and placed them for collection and mailing to each addressee, on July 7, 2009 as set forth below:

**Attorneys for Defendant:**
James F. Speyer
Mark P. Pifko
ARNOLD & PORTER LLP
777 Figueroa Street, 44th Floor
Los Angeles, CA 90017

Trenton H. Norris
ARNOLD & PORTER LLP
275 Battery Street, 27th Floor
San Francisco, CA 94111

I certify under penalty of perjury that the foregoing is true and correct pursuant to the laws of the State of California. Executed on July 7, 2009 at San Diego, California.

Jenna Sarinas

PROOF OF SERVICE<br>(C.C.P. §§ 1013A and 2015.5)