# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY MARILAO, for himself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>MCDONALD'S CORPORATION, a Delaware corporation doing business in California,<br><br>  Defendant. | **CASE NO. 09-CV-01014-H (AJB)**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

On July 7, 2009, Plaintiff Rey Marilao filed a first amended class action complaint against Defendant McDonald's Corporation ("McDonald's") alleging causes of action for a violation of California Business and Professions Code §17200 and unjust enrichment. (Doc. No. 15.) On July 24, 2009, McDonald's filed a motion to dismiss the first amended complaint for failure to state a claim. (Doc. No. 16.) Plaintiff filed a response in opposition on September 3, 2009. (Doc. No. 17.) McDonald's filed a reply on September 14, 2009. (Doc. No. 18.)

The Court held a hearing on the matter on September 21, 2009. Stephen Morris appeared on behalf of Plaintiff and James Speyer appeared on behalf of Defendant. The Court, for the reasons set forth below, grants in part and denies in part Defendant's motion to dismiss.

///

**Background**

Plaintiff's first amended complaint ("FAC") asserts a class action against McDonald's on behalf of himself and all other customers who received McDonald's gift cards and who have balances of less than $10 and wish to redeem the cards for cash. (FAC ¶ 8.) Plaintiff alleges that within the past four years he received a $5 McDonald's gift card as a gift and that he desired to redeem the card for cash instead of dining at a McDonald's restaurant. (Id. ¶ 6.) Plaintiff alleges that when he attempted to redeem his gift card for cash, he was told he could not receive cash for his gift card. (Id. ¶ 6.) Plaintiff alleges that McDonald's gift cards provide that, "[t]he value on this card may not be redeemed for cash . . . unless required by law." (Id. ¶ 5.) Based on McDonald's failure to redeem his gift card for cash, Plaintiff asserts two causes of action against McDonald's for violation of California Business & Professions Code § 17200 and unjust enrichment. (Id. ¶¶ 16-24; 25-28.)

Defendant McDonald's moves to dismiss Plaintiff's FAC under Federal R. Civ. Pro. 12(b)(6) for failure to state a claim. (Doc. No. 16.)

**Discussion**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 550 U.S. at 555-56.

**A. Unfair Competition Law**

Plaintiff's first cause of action is for a violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq. (FAC ¶¶ 16-24.) The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Persons authorized to bring claims under the UCL are "those who have suffered injury in fact and lost money or property as a result of the unfair competition." Id. § 17204. "[A] UCL action 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices . . . ." Peterson v. Cellco Partnership, 164 Cal.App.4th 1583, 1590 (2008) (quoting Farmers Ins. Exchange v. Superior Court, 2 Cal.4th 377, 383 (1992)). "Under [Cal. Bus. & Prof. Code 17204], a private plaintiff may bring a UCL action even when 'the conduct alleged to constitute unfair competition violates a statute for the direct enforcement of which there is no private right of action.'" Kasky v. Nike, Inc., 27 Cal.4th 939, 950 (2002) (citation omitted). Plaintiff alleges McDonald's violated the Unfair Competition Law by failing to redeem is $5 gift card for cash and in its use of deceptive or misleading language on the back of the gift cards concerning the right to redeem.

**1. Failure to Redeem for Cash**

Plaintiff alleges that McDonald's engaged in unfair competition by violating California Civil Code § 1749.5(b)(2). (FAC ¶¶ 7, 18.) Section 1749.5(b)(2) provides that, "any gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value." Plaintiff alleges that he attempted to redeem a McDonald's $5 gift card for cash, but

1  was told that he could not receive cash for his gift card.  (FAC ¶ 6.)  The Court concludes that
2  Plaintiff states a claim for a violation of Cal. Bus. & Prof. Code §17200 et seq. based upon
3  McDonald's alleged violation of Cal. Civ. Code §1749.5(b)(2).  Plaintiff adequately alleges
4  that he had a gift card with a balance under $10, attempted to redeem the gift card for its cash
5  value, and was denied a cash redemption.

6        Defendant argues that Plaintiff lacks standing to assert a UCL claim based upon a
7  violation of §1749.5(b)(2) because he could still redeem his gift card for McDonald's products
8  and therefore did not lose money or property as a result of the unlawful conduct.  Under Cal.
9  Bus. & Prof. Code § 17204, only a person who has (1) suffered injury in fact and (2) has lost
10 money or property as a result of the unfair competition may bring a private action under the
11 UCL.  "A plaintiff suffers an injury in fact for purposes of standing under the UCL when he
12 or she has: (1) expended money due to the defendant's acts of unfair competition [citations
13 omitted]; (2) lost money or property [citations omitted]; or (3) been denied money to which
14 he or she has a cognizable claim [citations omitted]."  Hall v. Time Inc., 158 Cal.App.4th 847,
15 854-55 (2008).

16       The Court previously dismissed Plaintiff's first cause of action for violation of
17 California Business & Professions Code §17200 based upon an alleged violation of California
18 Civil Code § 1749.5(b)(1) that he asserted in the original complaint. (Doc. No. 14.)  Section
19 1749.5(b)(1) provides that, "[a]ny gift certificate sold after January 1, 1997, is redeemable in
20 cash for its cash value, or subject to replacement with a new gift certificate at no cost to the
21 purchaser or holder." While the Court noted that §1749.5(b)(2) does entitle the gift card holder
22 to a cash redemption, the Court dismissed Plaintiff's first cause of action alleging a violation
23 of §1749.5(b)(1) because subsection (b)(1) does not entitle a gift card holder to redeem it for
24 cash whenever presented, and as such Plaintiff failed to plead a violation of subsection (b)(1)
25 and lacked standing under the UCL because he had not been denied money under subsection
26 (b)(1) to which he had a cognizable claim. (Doc. No. 14 at 5-6.)  Plaintiff did not allege in the
27 original complaint a violation of subsection (b)(2) or that his gift card had a balance of less
28 than $10.  (See Compl.)

The Court concludes that Plaintiff has sufficiently alleged standing to assert a UCL claim based upon the alleged violation of §1749.5(b)(2).  Plaintiff adequately alleges that he has been denied money to which he has a cognizable claim, as he has a right under §1749.5(b)(2) to a cash redemption of his $5 gift card and alleges that McDonald's denied him that right.   Unlike in Hall, Plaintiff has alleged that he does not want McDonald's products and that McDonald's unlawful conduct has caused him to keep the gift card that can only be used for products he does not wish to consume.  Hall, 158 Cal.App.4th at 855 (noting that Hall "did not allege he did not want to book, the book was unsatisfactory, or the book was worth less than what he paid for it" and that Hall "did not allege . . . Time's alleged acts of unfair competition induced him to keep a book he otherwise would have returned").   Defendant's argument that Plaintiff did not in fact lose any money or property  is better suited for summary judgment. Accordingly, the Court denies McDonald's motion to dismiss Plaintiff's first cause of action for a violation of the UCL based upon a violation of §1749.5(b)(2).

**2. Deceptive and Misleading Language**

Plaintiff also alleges a violation of the UCL based upon deceptive and misleading language used on the back of McDonald's gift cards in violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.[1]  (FAC ¶¶ 21, 23.) Plaintiff alleges that the language, "[t]he value on this card may not be redeemed for cash . . . unless required by law" is deceptive and misleading because it leads the average consumer to believe that they cannot redeem their gift card for cash and fails to disclose the right to redeem cards with balances of less than ten dollars for cash.  (Id. ¶¶ 5, 23.)

The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading ...." Cal. Bus. & Prof.Code §17500. This provision has been "interpreted broadly to embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or

---

[1] It is unclear from the FAC whether Plaintiff asserts a violation of the FAL or the UCL based upon the gift card language.  However, the standard under either law for deceptive or misleading language is the same.

- 5 -                                                                09cv1014

1  tendency to deceive or confuse the public." Leoni v. State Bar, 39 Cal.3d 609, 626 (1985).
2  Under the FAL and UCL, conduct is deceptive or misleading if it is likely to deceive an
3  ordinary consumer. Williams v. Gerber Products Co., 552 F.3d 924, 938 (9th Cir. 2008). In
4  order to assert a claim under the UCL or FAL, a person must have ""has suffered injury in fact
5  and has lost money or property as a result of such unfair competition."  CAL. BUS. & PROF.
6  CODE §§17204 & 17535.  Therefore, reliance is required to have standing to sue under the
7  UCL and FAL.  See Cattie v. Wal-Mart Stores, Inc., 504 F.Supp.2d 939, 947–49 (S.D. Cal.
8  2007) (holding reliance is required); Laster v. T-Mobile USA, Inc., 407 F.Supp.2d 1181,1194
9  (S.D.Cal. 2005) (same); Stickrath v. Globalstar, Inc., 527 F.Supp.2d 992, 996 (N.D.Cal.,2007)
10  (same); c.f. Anunziato v. eMachines, Inc., 402 F.Supp.2d 1133, 1137 (C.D.Cal.2005) (holding
11  plaintiffs need not plead reliance).

12     The Court concludes that Plaintiff fails to state a claim for a violation of the UCL based
13  upon the alleged deceptive and misleading language on the gift cards in violation of Cal. Bus.
14  & Prof. Code § 17500.  Plaintiff has not alleged that he relied on the language on the back of
15  the gift card and as a result of that reliance lost money or property.  Therefore, Plaintiff fails
16  to plead his standing to assert a claim under the UCL or FAL based upon the gift card
17  language.  Accordingly, the Court grants McDonald's motion to dismiss Plaintiff's cause of
18  action for a violation of the UCL based upon the alleged misleading and deceptive gift card
19  language.

20  **B.  Unjust Enrichment**

21     Plaintiff's second cause of action is for unjust enrichment based upon McDonald's
22  alleged failure to redeem gift cards for cash when presented and the alleged deceptive or
23  misleading gift card language.  (FAC ¶¶ 25-28.)  The elements of an unjust enrichment claim
24  are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another."
25  Lectrodryer v. SeoulBank, 77 Cal.App.4th 723, 726 (2000).

26     The Court concludes that Plaintiff has sufficiently alleged a cause of action for unjust
27  enrichment.  Plaintiff alleges that McDonald's is paid fully for gift cards at the initial point of
28  sale and that McDonald's is unjustly enriched by its unfair and unlawful practice of refusing

cash redemptions on unused card balances of less than $10, resulting in additional funds on unused cards reverting to McDonald's. (FAC ¶¶ 26-27.) Because Plaintiff sufficiently alleges a violation of the UCL based upon McDonald's failure to comply with § 1749.5(b)(2), Plaintiff sufficiently alleges a cause of action for unjust enrichment. Accordingly, the Court denies McDonald's motion to dismiss Plaintiff's second cause of action.

To the extent that Plaintiff alleges a cause of action for unjust enrichment based upon the alleged deceptive and misleading gift card language, the Court grants McDonald's motion to dismiss, as Plaintiff's UCL claim based upon this conduct fails.

### Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant McDonald's motion to dismiss Plaintiff's first amended complaint. The Court dismisses Plaintiff's first and second causes of action to the extent they rely on Plaintiff's allegations of deceptive and misleading gift card language.

**IT IS SO ORDERED.**

DATED: September 21, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT